F I L E D

CLERK OF COURT

2024 AUG 28 AM 11: 30

SUPERIOR COURT
OF GUAM

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>v.<br><br>**ALLAN JUNIOR CEPEDA,**<br>DOB: 01/31/1991<br><br>Defendant. | **Criminal Case No. CF0159-24**<br>GPD Report No. 24-05369<br><br>**DECISION AND ORDER<br>DENYING<br>DEFENDANT'S MOTION<br>TO SUPPRESS EVIDENCE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 7, 2024 for hearing on Allan Junior Cepeda's ("Defendant's") Motion to Suppress Evidence ("Motion"). Assistant Attorney General Leta Womack represents the People, and Attorney Juhyeong Park represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion.

## BACKGROUND

Defendant is charged with Possession of a Schedule II Controlled Substance (as a 3rd Degree Felony) following a traffic stop on March 7, 2024. See Indictment (Mar. 15, 2024).

The stop was initiated by Guam Police Department ("GPD") Officer Martin Oliva, who noticed Defendant driving a vehicle with expired registration. See Court Recording at 1:57:20pm-1:58:00pm (Jun. 7, 2024). During the traffic stop, Defendant informed Officer Oliva that he was on probation. Id. at 2:01:00pm. Officer Oliva subsequently conducted a pat-down of Defendant and allegedly found a glass pipe coated with methamphetamine residue inside Defendant's pocket. Id. at 2:04:40pm-2:07:00pm. Also during the stop, a passenger named Ruth Matagolai consented to a search of the vehicle after informing Officer Oliva that her daughter was renting the vehicle. Id. at 2:02:00pm-2:02:40pm. Although a full search of the vehicle yielded no new evidence, several small resealable bags were confiscated having been visibly located at Defendant's feet. Id. at 1:59:00pm.

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0159-24, *People of Guam v. Allan Cepeda*
Page 1 of 5

Defendant now seeks to suppress all evidence obtained or derived from that traffic stop. See Motion at 2 (May 7, 2024). First, Defendant asserts his pat-down violated his Fourth Amendment rights, claiming Officer Oliva had no reason to suspect he was armed and dangerous. Id. at 5-6. Defendant also claims the search of the vehicle was invalid because Ruth was not able to give a valid consent. Id. at 6-7. Therefore, Defendant believes all evidence stemming from both the pat-down and the vehicle search should be suppressed.

Opposing the Motion, the People claim the searches of Defendant's person and vehicle were both authorized pursuant to Defendant's probation conditions. See Opposition to Motion at 3-7 (May 17, 2024). The People also claim that because GPD officers observed suspected drug paraphernalia by Defendant's feet, they were justified in making a warrantless search of the vehicle. Id. at 3-7.

The Court held a hearing on June 7, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

The Fourth Amendment provides that people should be free from unreasonable searches and seizures. See U.S. Const. amend. IV. Evidence obtained from a Fourth Amendment violation is inadmissible. See *Terry v. Ohio*, 392 U.S. 1, at 12 (1968). This includes "not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'" See *Segura v. U.S.*, 468 U.S. 796 at 796-797 (1984) (internal citations omitted).

### II. GPD's seizure of Defendant was constitutional because Officers had probable cause to believe Defendant committed unlawful activity.

Seizures can take the form of both investigative stops and formal arrests, as in either situation a reasonable person would not feel able to decline the Officer's requests or otherwise immediately terminate such encounters. See *People v. Chargualaf*, 2001 Guam 1 ¶ 17. For investigative stops, police may briefly detain someone if they have a reasonable suspicion of unlawful activity. See *Terry v. Ohio*, 392 U.S. 1, at 10 (1968). For formal arrests, police

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0159-24, *People of Guam v. Allan Cepeda*
Page 2 of 5

must have "probable cause to believe that the suspect has committed a crime". Id. at 10. Both "reasonable suspicion" and "probable cause" are judged by a totality of the circumstances, and those beliefs must be based on "specific reasonable inferences" supported by articulable facts rather than merely inadequate guesswork. Id. at 27.

Here, Officer Oliva had reasonable suspicion of Defendant's unlawful activity justifying his initial investigative stop of Defendant. Officer Oliva testified to witnessing Defendant driving a vehicle with expired registration. See Court Recording at 1:57:20pm-1:58:00pm (Jun. 7, 2024). This created reasonable suspicion that Defendant was violating Guam's vehicle registration requirements, legally justifying the traffic stop.

There was also probable cause to believe Defendant had committed a crime, justifying GPD's formal arrest of Defendant. As explained above, a glass pipe coated with methamphetamine residue was located in Defendant's pocket during the traffic stop. Id. at 2:04:40pm-2:07:00pm. Officers therefore had probable cause to believe Defendant was violating the laws of Guam, legally justifying Defendant's arrest.

**III. Officer Oliva's pat-down of Defendant did not violate Defendant's Fourth Amendment rights because Defendant was on probation and had a reduced expectation of privacy.**

Defendant is specifically challenging his pat-down search as a Fourth Amendment violation, claiming officers lacked the reasonable suspicion that he was armed and dangerous necessary to justify such a search. See Motion at 5-6 (May 7, 2024).

Like seizures, searches too must be reasonable under the Fourth Amendment. Searches implicate an individual's Fourth Amendment rights when they cover areas in which the individual has a "reasonable expectation of privacy". See Oliver v. U.S. 466 U.S. 170, at 171 (1984). If the individual does have a reasonable expectation of privacy, police officers must generally obtain a warrant before conducting a valid search. See People v. Chargualaf, 2001 Guam 1 ¶ 14. Warrantless searches are otherwise presumed unreasonable. See Katz v. U.S., 389 U.S. 347, 357 (1967).

However, there are several situations where police may conduct a search without first obtaining a warrant. One such exception that Defendant points out is the so-called Terry frisk,

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0159-24, *People of Guam v. Allan Cepeda*
Page 3 of 5

which permits officers to conduct a pat-down "search of the outer clothing" of an individual if the officer "reasonably" believes that the individual "may be armed and presently dangerous". See *Terry v. Ohio*, 392 U.S. 1, at 30 (1968). Officer Oliva testified that he felt no danger and didn't see any signs that Defendant might be armed during the traffic stop. See Court Recording at 2:10:30am-2:11:15am (Jun. 7, 2024). Therefore, it is true this search does not fall under the warrant exception laid out in *Terry*.

However, another exception to the warrant requirement are searches "authorized by valid probation or parole conditions". See *United States v. Cruz*, No. CR 04-00053, 2008 WL 11350107, at *3 (D. Guam Sept. 23, 2008) (internal citations omitted). Here, Defendant was on probation in CF0593-22 at the time of the search. See CF0593-22 Judgment of Conviction (Apr. 4, 2023). As a condition of Defendant's probation, he was to "permit probation officers and law enforcement officers to search his person, automobile and residence or room where Defendant is residing for firearms, alcohol, and illegal controlled substances at any time such a search is requested." Id. Here, Defendant informed Officer Oliva that he was on probation. See Court Recording at 2:01:00pm (Jun. 7, 2024). Because GPD officers were authorized to search Defendant's person, their pat-down of Defendant did not violate his Fourth Amendment rights.

**IV.**   **A warrantless search of the vehicle is Constitutional both under Defendant's probation conditions, and as a search incident to Defendant's arrest. Ruth's consent is therefore irrelevant.**

Defendant is also challenging the search of the vehicle as a Fourth Amendment violation, claiming Ruth Matagolai's consent to a search was invalid. See Motion at 6-7 (May 7, 2024).

As mentioned above, there are several situations where police may lawfully conduct a search without first obtaining a warrant. One such exception is voluntary consent by a person who appears to have authority over the location/item searched. See *People v. Chargualaf*, 2001 Guam 1 ¶ 14. In the context of vehicles, authority to consent to a search is determined by who has "possession of and control over the vehicle". See *U.S. v. Morales*, 861 F.2d 396,

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0159-24, *People of Guam v. Allan Cepeda*
Page 4 of 5

399 (3d Cir. 1988). Defendant claims that Ruth did not reasonably appear to have authority over the vehicle because GPD officers were informed that the car belonged to Ruth's daughter rather than Ruth herself. See Motion at 7 (May 7, 2024).

However, Ruth's consent is largely irrelevant because GPD officers were authorized to search the vehicle pursuant to Defendant's probation conditions. Having known that Defendant was on probation, Officer Oliva was authorized to search Defendant's vehicle at any time without a warrant. See CF0593-22 Judgment of Conviction (Apr. 4, 2023).

Ruth's consent is also irrelevant because GPD officers were authorized to search the vehicle incident to Defendant's lawful arrest. Evidence was presented that GPD officers found a methamphetamine pipe inside Defendant's pocket. See Court Recording at 2:04:40pm-2:07:00pm (Jun. 7, 2024). This gave the officers probable cause to arrest Defendant. "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." See *Arizona v. Gant*, 556 U.S. 332, 351 (2009). Here, Officer Oliva reasonably believed the vehicle contained evidence of Defendant's illegal drug possession because he saw several small resealable bags he suspected contained drugs located at Defendant's feet before conducting the search. See Court Recording at 1:59:00pm (Jun. 7, 2024).

Because the search of the vehicle was valid both pursuant to Defendant's probation conditions as and a search incident to arrest, the validity of Ruth's consent does not need to be addressed.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The March 7, 2024 traffic stop, pat-down, arrest of Defendant, and search of Defendant's vehicle were all Constitutional. Therefore, evidence obtained and derived from those searches and seizures are properly admissible.

**IT IS SO ORDERED** this ___August 28, 2024___.



SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, J. Park

8/28/24 11:53am
Date          Time
Antonio d Car
Deputy Clerk, Superior Court of Guam

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Suppress Evidence
CF0159-24, *People of Guam v. Allan Cepeda*